1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    J. Alberto Gonzales Raza,              )    No. CV-11-00732-PHX-FJM
                                            )
10                Plaintiff,                )    **ORDER**
                                            )
11   vs.                                    )
                                            )
12                                          )
     Corrections Corporation of America, Inc.,)
13   et. al.,                               )
                                            )
14                Defendants.               )
                                            )
15   _____)

16          This action was transferred to the undersigned on April 27, 2011 (doc. 25).  The court

17   has before it defendant's motion to dismiss (docs. 2, 4), plaintiff's response (doc. 11), and

18   defendant's reply (doc. 12).

19          On August 1, 2006, plaintiff was arrested on a federal warrant for failure to appear

20   before the United States District Court for the Central District of California.  Plaintiff pled

21   guilty and was incarcerated in the California City Correctional Center ("CCCC").

22   Corrections Corporation of America ("defendant"), operated CCCC pursuant to a contract

23   with the Federal Bureau of Prisons.  Before plaintiff's scheduled release on May 1, 2007,

24   Immigration and Customs Enforcement ("ICE") issued a detainer to take plaintiff into

25   custody.  Plaintiff was transferred to the Eloy Detention Center ("Eloy") in Arizona, also

26   operated by defendant.  Plaintiff remained at Eloy until May 27, 2008 when he was released

27   on parole.

28          Plaintiff filed this action on May 27, 2010 in the Superior Court of New Jersey

1  alleging five claims for relief: (1) negligence–neglect of medical care; (2)

2  negligence–facilities; (3) false imprisonment; (4) violation of 42 U.S.C. § 1983; and (5)

3  breach of contract.  Plaintiff named defendant, some of its corporate employees, and

4  personnel of CCCC, Eloy, and ICE.  According to the docket, defendant is the only party that

5  has been served.  Defendant removed the case to the United States District Court for the

6  District of New Jersey on the basis of federal question jurisdiction and moved to dismiss the

7  complaint or transfer venue to the District of Arizona.  On April 8, 2011, the United States

8  District Court for the District of New Jersey granted defendant's motion to transfer venue but

9  declined to rule on the motion to dismiss (doc. 19).  We now address defendant's motion to

10  dismiss for failure to state a claim.

11  Defendant first raises a statute of limitations defense for all claims except count five

12  for breach of contract.  Defendant argues that whether New Jersey, Arizona, or California

13  law applies, plaintiff's claims are barred.  Plaintiff's response only addresses his negligence

14  and false imprisonment claims and relies solely on New Jersey law.  Plaintiff contends that

15  his claims are timely and should not be dismissed because a question of fact exists regarding

16  when plaintiff discovered or should have discovered his injuries giving rise to his claims.

17  A motion to dismiss based on statute of limitations grounds may be granted only if

18  "the running of the statute is apparent on the face of the complaint." Jablon v. Dean Witter

19  & Co., 614 F.2d 677, 682 (9th Cir. 1980).  We do not dismiss a complaint unless plaintiff

20  cannot plausibly prove a set of facts demonstrating the timeliness of the claim. Ranch Realty

21  v. DC Ranch Realty, 614 F. Supp. 2d 983, 987 (D. Ariz. 2007) (internal citations omitted).

22  Counts one and two allege negligence.  Count one alleges that defendant neglected

23  plaintiff's medical care "[a]t all relevant times herein while detained in the California City

24  Correctional Center and Eloy Detention Center" (doc. 1 at 10).  Count two alleges that

25  defendant breached its duty to properly operate and manage the facilities and thereby caused

26  plaintiff serious physical injuries. The complaint fails to allege how defendant was negligent

27  in providing medical care or operating its facilities.  We do not know when or how plaintiff

28  was injured.  Defendant argues that plaintiff's injuries had to have occurred before he was

1  released on May 27, 2008.  By waiting to file until May 27, 2010 then, plaintiff's claims

2  would be time barred under the New Jersey, Arizona, or California statutes of limitations.

3  Plaintiff argues that the discovery rule applies to extend the accrual date until the date he

4  discovered his injuries, which was sometime after his release.

5  The parties fail to brief the choice of law issue. We therefore leave that determination

6  for another day.  Arizona, California, and New Jersey have a two year statute of limitations

7  for negligence actions.  See A.R.S. § 12-542; Cal.Civ.Proc.Code § 335.1; N.J.S.A. § 2A:14-

8  2.  Normally, the claim accrues on the date the alleged act or injury occurred.  However,

9  under the discovery rule, applicable in each state, the cause of action does not accrue until

10  the injured party discovers, or should have discovered, the injury.  Defendant contends that

11  plaintiff's complaint indicates that plaintiff was aware of an injury while incarcerated.

12  Plaintiff argues that the question of discovery is an issue of fact and that he did not discover

13  his injury until he was released.

14  Dismissal of a complaint is not warranted unless it is clear from the face of the

15  complaint that plaintiff cannot plausibly plead a claim for relief.  See Ranch Realty, 614 F.

16  Supp. 2d at 987.  Application of the discovery rule often raises factual issues not properly

17  determined on a motion to dismiss.  Id. at 989.  Plaintiff's complaint does not allege when he

18  was injured or when he discovered his injury.  Because it is plausible that plaintiff may have

19  been injured on May 27, 2008, or may not have discovered his injury until after that, he may

20  be able to state a claim for relief.  Moreover, in the event the actions giving rise to plaintiff's

21  claims occurred in California and California law applies, plaintiff's claims would not be time

22  barred.  In California, a prisoner is entitled to statutory tolling for up to two years if the cause

23  of action accrued during incarceration.  Cal.Civ.Proc.Code § 352.1.  This includes causes of

24  action challenging conditions of confinement as long as plaintiff only seeks monetary

25  damages.  § 352.1(c).  If California law applies, plaintiff's first two claims would be timely.

26  Because it is not clear from the face of the complaint, and because California law may apply,

27  we deny defendant's motion to dismiss counts one and two.

28  Count Three alleges false imprisonment.  Defendant moves to dismiss arguing that the

1 claim is untimely and not cognizable because plaintiff cannot allege defendant falsely

2 imprisoned him.  Plaintiff contends that the claim is timely because it did not accrue until the

3 date he was released from prison.

4        Arizona and California both have a one year statute of limitations for false

5 imprisonment claims.  See A.R.S. § 12-541; Cal.Civ.Proc.Code § 340(c).  Plaintiff's filing

6 on May 27, 2008 is outside that time limit.  Even under New Jersey's two year statute of

7 limitations, plaintiff's claim is untimely because his cause of action accrued on the day he

8 was incarcerated, August 1, 2006, not the day he was released.  See N.J.S.A. § 2A:14-2; Rose

9 v. Bartle, 871 F.2d 331, 3590-51 (3d Cir. 1989).  We dismiss count three with prejudice.

10        The fourth cause of action alleges violations of 42 U.S.C. § 1983.  In his response to

11 the motion to transfer venue, plaintiff offered to drop all claims against the individual

12 defendants including his § 1983 claim if the action was not transferred.  The District of New

13 Jersey granted the motion to transfer and plaintiff has not abandoned the § 1983 claim.  But

14 § 1983 provides redress for civil rights violations made under color of state law.  Plaintiff

15 was a federal prisoner, not a state prisoner, and no defendant was acting under color of state

16 law.  Accordingly, we dismiss count four with prejudice.

17        Plaintiff's last claim alleges breach of contract.  Plaintiff claims that while incarcerated

18 he was guaranteed certain rights and privileges, such as medical care and clean facilities, as

19 provided in the "Admission and Orientation Handbook."  Plaintiff alleges that defendant

20 deprived him of these rights and thereby breached the Handbook.  Defendant argues that the

21 Handbook is not a contract and that plaintiff is not a party to, or an intended beneficiary of,

22 the correctional services contract under which the Handbook was created.  Plaintiff fails to

23 respond to this argument.

24        The Handbook that plaintiff received upon being incarcerated is not a contract

25 between plaintiff and defendant.  Plaintiff does not allege that he is a third party beneficiary

26 of the correctional services contract, much less an intended beneficiary.  Plaintiff would need

27 to point to language in the contract demonstrating the contracting parties' intent to make him

28 an intended beneficiary and hold defendant liable for nonperformance.  See County of Santa

- 4 -

1  Clara v. Astra USA, Inc., 588 F.3d 1237, 1244 (9th Cir. 2009), rev'd on other grounds,

2  __U.S. __, 131 S.Ct. 1342 (2011); see also Norton v. First Fed. Sav., 128 Ariz. 176, 178, 624

3  P.2d 854, 856 (1981).  We dismiss plaintiff's breach of contract claim.

4  　　　　Accordingly, **IT IS ORDERED GRANTING in part and DENYING in part**

5  defendant's motion to dismiss (docs. 2, 4).  We **GRANT** defendant's motion to dismiss as to

6  counts three, four, and five with prejudice.  We **DENY** defendant's motion to dismiss as to

7  counts one and two.  This, of course, is without prejudice to defendant's right to move for

8  summary judgment at an appropriate time.

9  　　　　DATED this 17th day of May, 2011.

11  _____

12  Frederick J. Martone
United States District Judge

- 5 -