**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J. Alberto Gonzalez Raza, aka Jose Alberto Gonzalez Raza,<br><br>        Plaintiff,<br><br>vs.<br><br>Corrections Corporation of America, Inc., et al.,<br><br>        Defendants. | No. CV 11-00732-PHX-FJM<br><br>**ORDER** |

    We have before us defendant Corrections Corporation of America, Inc.'s ("CCA") motion for summary disposition (doc. 64), motion for summary judgment (doc. 67), statement of facts in support (doc. 68), and plaintiff's response (doc. 71). We also have before us plaintiff's motion to transfer (doc. 70), plaintiff's premature reply (doc. 72), and defendant's response (doc. 73).

    Summary judgment will be granted if the moving party shows that there is no genuine dispute as to material facts and judgment is warranted as a matter of law. Fed. R. Civ. P. 56(a). The moving party has no burden to disprove matters on which it would not carry the burden of proof at trial. Sluimer v. Verity, Inc., 606 F.3d 584, 586 (9th Cir. 2010). "The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case." Id. At this point, the burden shifts to the non-moving party to designate specific facts showing that there is a genuine issue for trial. Celotex Corp. v.

1  Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986).  Rule 56(c) requires entry of
2  summary judgment against a party who fails to establish the existence of an essential element
3  of its case.  "In such a situation, there can be 'no genuine issue as to any material fact,' since
4  a complete failure of proof concerning an essential element of the nonmoving party's case
5  necessarily renders all other facts immaterial."  Id. at 322-23, 106 S. Ct. at 2552.

6       Plaintiff's remaining claims allege that defendant was negligent in the provision of
7  medical care and that it interfered with the delivery of medical care.  His only response to the
8  motion for summary judgment is to assert that defendant's counsel refuses to accept his
9  settlement offers and this case should not continue in Arizona since he resides in New Jersey.
10 Plaintiff has failed to respond to defendant's discovery requests, has not engaged a medical
11 expert, and has not allowed defendant to access many of his medical records.

12      "If a party fails to . . . properly address another party's assertion of fact as required by
13 Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."  Rule
14 56(e), Fed. R. Civ. P.  Plaintiff does not dispute or attempt to address a single fact in
15 defendant's statement of facts.  Therefore, there are no disputed facts.  Defendant has shown
16 that there is no evidence to support plaintiff's case, and plaintiff has failed to designate
17 specific facts showing a genuine issue for trial.  Plaintiff has failed to establish any element
18 of his claims.

19      **IT IS ORDERED GRANTING** defendant's motion for summary judgment.  (Doc.
20 67).

21      **IT IS ORDERED DENYING** defendant's motion for summary disposition (doc. 64)
22 and plaintiff's motion to transfer (doc. 70) as moot.

23      The clerk is directed to enter final judgment.

24      DATED this 27th day of June, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge